1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID HUNTER,                          No.  2:18-cv-1751 KJN P

12                    Plaintiff,

13          v.                               ORDER

14    CAROLYN FETCH, et al.,

15                    Defendants.

16

17          Plaintiff is a prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Since filing the complaint, plaintiff has filed four motions for injunctive relief.  (See ECF No. 5, 11, 13, 14.)  In part, these motions challenge mental health medication plaintiff has received at the Sacramento County Jail.  These motions are vacated without prejudice to their reinstatement following the filing of an amended complaint.

On July 31, 2018, a class action was filed in this court challenging, in part, the mental health care provided to inmates at the Sacramento County Jail.  See Mays v. County of Sacramento, 2: 18-cv-2081 KJN P ("Mays").  Because plaintiff's motions for injunctive relief challenge mental health treatment plaintiff received at the Sacramento County Jail, and plaintiff may be a potential member of the class in Mays, the undersigned orders plaintiff's complaint and motions for injunctive relief served on plaintiff's counsel in Mays.

The undersigned observes that plaintiff's complaint appears to raise claims challenging the circumstances of his arrest.  However, the motions for injunctive relief raise claims challenging conditions at the Sacramento County Jail.  In the amended complaint, plaintiff shall clarify whether he intends to proceed on claims regarding his arrest or claims regarding conditions at the jail.

Plaintiff has two other pending motions which the undersigned addresses herein.  On July 3, 2018, plaintiff filed a motion for extension of time to file an application to proceed in forma pauperis.  (ECF No. 3.)  This motion is denied as unnecessary.  On August 22, 2018, plaintiff filed a motion which appears to seek discovery regarding plaintiff's trust account.  (ECF No. 15.)  This motion is denied as unnecessary as the court has granted plaintiff's request to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

4

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5.  Plaintiff's motion for an extension of time (ECF No. 3) is denied;

6.  Plaintiff's motion for discovery (ECF No. 15), docketed as a motion for an order to show cause, is denied;

7.  Plaintiff's motions for injunctive relief (ECF Nos. 5, 11, 13, 14) are vacated;

8.  The Clerk of the Court shall serve a copy of this order, plaintiff's complaint (ECF No. 1) and plaintiff's motions for injunctive relief (ECF Nos. 5, 11, 13, 14) on plaintiff's counsel in Mays v. County of Sacramento, 18-cv-2081 KJN P.

Dated:  August 30, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hu1751.14

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HUNTER,                                      No. 2:18-cv-1751 KJN P

        Plaintiff,

    v.                                          NOTICE OF AMENDMENT

CAROLYN FETCH, et al.,

        Defendants.

_____

      Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

      _____          Amended Complaint
DATED:


                                _____
                                  Plaintiff