UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HUNTER,

    Plaintiff,

v.

CARLYN FETCH, et al.,

    Defendants.

No. 2: 18-cv-1751 KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2018, the undersigned dismissed the complaint with leave to amend. (ECF No. 16.) Pending before the court is plaintiff's amended complaint. (ECF No. 21.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

Although pro se pleadings are liberally construed, see Haines v. Kerner, 404 U.S. 519, 520–21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554, 562–563 (2007) (citing Conley v. Gibson, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are

1

true." Id. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41 (1957)).

Plaintiff's amended complaint is difficult to understand. Named as defendants are landlord Carolyn Fetch, Sheriff and Probation. Plaintiff alleges that on April 26, 2018, he told defendant Fetch that he wanted 30-days notice to move to another room and board. Plaintiff alleges that defendant Fetch refused to give him that notice. Plaintiff alleges that defendant Fetch made a false complaint to defendant Sheriff. Plaintiff alleges that he was falsely arrested on April 19, 2018. Plaintiff alleges that he was put under an illegal ten days security risk.

In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff has not stated a potentially colorable claim against defendant Fetch pursuant to 28 U.S.C. § 1983 because she is a private party and, thus, did not act under color of state law. To the extent plaintiff claims defendant Fetch violated a federal statute, plaintiff does not identify a federal statute. Plaintiff also does not plead any facts suggesting a violation of a federal statute relating to his alleged eviction. Accordingly, the undersigned recommends that these claims be dismissed.

1       Plaintiff is apparently claiming that defendant Sheriff wrongly arrested him on April 19, 2018. However, plaintiff's amended complaint does not contain any facts in support of a false arrest claim against defendant Sheriff. The undersigned recommends that plaintiff's false arrest claim be dismissed on the grounds that it is vague and conclusory. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996) (complaint must give defendant fair notice of what the plaintiff's claim is and the ground upon which it rests).

      While plaintiff claims that he was put on an illegal ten days security risk, he does not allege any other facts in support of this claim. Accordingly, the undersigned recommends that this claim be dismissed on the grounds that it is vague and conclusory. See Kimes v. Stone, 84 F.3d at 1129.

      Plaintiff also alleges that defendant Sheriff violated his constitutional rights by, "using plaintiff's food of retaliation punishment of plaintiff holding the food port hostage and throwing fecal matter on the tier to make shure plaintiff gets feed to reinstatement in amended complaint…" (ECF No. 21 at 3.) These allegations are indecipherable. For this reason, this claim is dismissed. See Kimes v. Stone, 84 F.3d at 1129.

      It is clear that another amendment cannot cure the deficiencies discussed above. Therefore, it is recommended that the dismissal be without further leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

      IT IS HEREBY RECOMMENDED that this action be dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 27, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hunt1971.fr